IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| JACK A. ROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: |
| | ) | |
| CITY OF PLYMOUTH, PLYMOUTH | ) | |
| POLICE DEPARTMENT, JUSTIN | ) | |
| DANIELS, and JOHN PRIMISING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, Jack A. Roe, by and through his attorneys, Hupy and Abraham, S.C., by Todd R. Korb, brings this Original Complaint against the Defendants, City of Plymouth, Plymouth Police Department, Justin Daniels, and John Primising, and states to the Court as follows:

## <u>JURISDICTION AND VENUE</u>

1.      That subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

2.      That this Court has supplemental jurisdiction over all other claims made within this cause of action pursuant to 28 U.S.C. § 1367.

3.      That venue is present in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      That the Plaintiff, Jack A. Roe, is an adult resident of the City of Plymouth, County of Sheboygan, Wisconsin, currently residing at 228 North Milwaukee Street, Zip Code 53073.

5.      That the Defendant, City of Plymouth, is a domestic, self-insured, corporate municipal body, organized and existing under the laws of Wisconsin, with its principal place of business located at 128 Smith Street, Plymouth, Wisconsin, Zip Code 53073; that legal process for the Defendant, City of Plymouth, shall be served upon, Anna Voigt, Interim Plymouth City Clerk, also located at 128 Smith Street, Plymouth, Wisconsin, Zip Code 53073; and that the Defendant, City of Plymouth, is a named Defendant herein pursuant to the theory of vicarious liability, including the doctrine of *Respondeat Superior*, in that it is liable for the actions of its employees, agents, servants, representatives, and/or volunteers while in the course and scope of their employment and/or agency, herein, the Defendants, Plymouth Police Department and its officers Justin Daniels and John Primising.

6.      Upon information and belief, the Defendant, City of Plymouth, is not only individually liable for the claims detailed herein, but is also liable on the theory of corporate relationship, control of, and/or successor liability, including but not limited to the Defendants, Plymouth Police Department, Justin Daniels, and John Primising. Upon further information and belief, City of Plymouth has successor liability for the negligence, actions, and omissions of the Defendants, Plymouth Police Department, Justin Daniels, and John Primising.

7.      That the Defendant, Plymouth Police Department, is a domestic, municipal law enforcement agency, organized and existing under the laws of Wisconsin and the City of Plymouth, with its principal place of business located at 128 Smith Street, Plymouth, Wisconsin, Zip Code 53073; that legal process for the Defendant, Plymouth Police Department, shall be served

2

upon Jeffrey G. Tauscheck, Chief of Police, also located at 128 Smith Street, Plymouth, Wisconsin, Zip Code 53073; that the Defendant, Plymouth Police Department, is a governmental agency, controlled and/or owned by the City of Plymouth; that the Defendant, Plymouth Police Department, is a named Defendant herein pursuant to the theory of vicarious liability, including the doctrine of *Respondent Superior*, in that it is liable for the actions of its employees, agents, servants, representatives, and/or volunteers while in the course and scope of their employment and/or agency herein, the Defendants, Plymouth Police Department Officers Justin Daniels and John Primising; and that the Defendant, Plymouth Police Department, was employed and/or the agent of the Defendant, City of Plymouth, at all times material hereto.

8.     That the Defendant, Justin Daniels, upon information and belief, is an adult resident of the City of Sheboygan Falls, County of Sheboygan, Wisconsin, currently residing at 1140 Plank Trail Lane, Apartment 216, Zip Code 53085; that the Defendant, Justin Daniels, is being sued in his individual capacity; and that the Defendant, Justin Daniels, at all times material hereto, acted under the color of law and within the scope of his employment and/or agency with the Defendant, Plymouth Police Department, a governmental agency controlled and/or owned by the Defendant, City of Plymouth, as an Officer of the Plymouth Police Department when engaging in the actions as described hereinafter.

9.     That the Defendant, John Primising, upon information and belief, is an adult resident of the City and County of Sheboygan, Wisconsin, currently residing at 2208 Geele Avenue, Zip Code 53083; that the Defendant, John Primising, is being sued in his individual capacity; and that the Defendant, John Primising, at all times material hereto, acted under the color of law and within the scope of his employment and/or agency with the Defendant, Plymouth Police Department, a governmental agency controlled and/or owned by the Defendant, City of Plymouth,

3

as an Officer of the Plymouth Police Department when engaging in the actions as described hereinafter.

## FIRST CAUSE OF ACTION:

### 42 U.S.C. § 1983 – UNLAWFUL ARREST
### PLYMOUTH POLICE DEPARTMENT, JUSTIN DANIELS, AND JOHN PRIMISING

10.     That on or about March 2, 2020, at 3:04 p.m., the Plaintiff, Jack A. Roe, was present on the premises of his personal residence, located at 228 North Milwaukee Street, Plymouth, Wisconsin, Zip Code 53073.

11.     That at the same time and place, the Defendants, Justin Daniels and John Primising, while in the course and scope of their employment and/or agency with the Defendant, Plymouth Police Department, and acting under the color of law, forcibly arrested the Plaintiff, Jack A. Roe, without a warrant, thereby placing him in the custody of the Defendant, Plymouth Police Department.

12.     That the arrest of the Plaintiff, Jack A. Roe, was unlawful because its justification lacked probable cause that a crime was being, or had been committed, as is required by the Fourth and Fourteenth Amendments to the United States Constitution, thereby depriving the Plaintiff, Jack A. Roe, of the protections provided therein.

13.     That at all times material hereto, the Defendants, Justin Daniels and John Primising, were acting under the color of law.

14.     That the Defendant, Plymouth Police Department, is a named Defendant herein pursuant to the theory of vicarious liability, including the doctrine of *Respondeat Superior*, in that it is liable for the acts of its employees, servants, agents, representatives, and/or volunteers, herein

4

the Defendants, Justin Daniels and John Primising, while in the course and scope of their employment and/or agency and while acting under the color of law.

15. That, upon information and belief, the foregoing unlawful acts on the part of the Defendants, Justin Daniels and John Primising, were committed while the Defendants, Justin Daniels and John Primising, were acting in the course and scope of their employment and/or agency with the Defendant, Plymouth Police Department; that the foregoing unlawful acts on the part of the Defendant, Plymouth Police Department, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Jack A. Roe, as set forth herein. Therefore, upon information and belief, the Defendant, Plymouth Police Department, is liable for the unlawful conduct of the Defendants, Justin Daniels and John Primising, under the theory of vicarious liability, including the doctrine of *Respondeat Superior*.

16. That 42 U.S.C. § 1983 provides a civil cause of action for those who allege constitutional violations perpetrated by state and municipal actors, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Jack A. Roe, at the hands of the named Defendants.

17. That as a result of the foregoing actions on the part of the named Defendants, the Plaintiff, Jack A. Roe, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he suffered damages to his personal property that prevented him from using his personal property for a period of time and may continue to prevent him from using it in the future; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he

5

was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Jack A. Roe, prays this Honorable Court:

1. That the Plaintiff, Jack A. Roe, have and recover judgment against the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, in an amount in excess of FIVE HUNDRED AND TWENTY THOUSAND DOLLARS ($520,000.00) for personal injuries and violation of his Constitutional rights.

2. That the costs of this action be taxed against the Defendants.

3. For other and further relief as the Court may deem just and proper.

4. For the dismissal of any and all subrogation or reimbursement claims.

5. For any and all reasonable attorney's fees associated with this action.

<div align="center">

**SECOND CAUSE OF ACTION:**

**42 U.S.C. § 1983 – UNLAWFUL ARREST**
**CITY OF PLYMOUTH**

</div>

18. As for a second cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, and incorporates the same by reference.

19. That on or about March 2, 2020, at 3:04 p.m., the Plaintiff, Jack A. Roe, was present on the premises of his personal residence, located at 228 North Milwaukee Street, Plymouth, Wisconsin, Zip Code 53073.

20. That at the same time and place, the Defendants, Justin Daniels and John Primising, while in the course and scope of their employment and/or agency with the Defendant, City of Plymouth, and acting under the color of law, forcibly arrested the Plaintiff, Jack A. Roe, without a warrant, thereby placing him in the custody of the Defendant, City of Plymouth.

<div align="center">6</div>

21.     That the arrest of the Plaintiff, Jack A. Roe, was unlawful because its justification lacked probable cause that a crime was being, or had been committed, as is required by the Fourth and Fourteenth Amendments to the United States Constitution, thereby depriving the Plaintiff, Jack A. Roe, of the protections provided therein.

22.     That the Defendant, City of Plymouth, has and/or had a custom, policy, pattern, and/or practice of effectuating unlawful arrests that is and/or was persistent and widespread; that this custom, policy, pattern, and/or practice was so commonplace to where it is and/or was the Defendant, City of Plymouth's, operating procedure; that policy-making officials within the City of Plymouth know and/or knew about these operating procedures and allow and/or allowed them to continue; and that these operating procedures directly led to the deprivation of the Plaintiff, Jack A. Roe's, rights as provided within the Fourth and Fourteenth Amendments to the United States Constitution.

23.     That the Defendant, City of Plymouth, was at all times responsible for the acts and omissions of its employees, servants, agents, representatives, and/or volunteers under the theory of vicarious liability, including the doctrine of *Respondeat Superior*; and that the Defendant, City of Plymouth, is also liable under the theory of corporate and/or successor liability, including but not limited to the Defendants, Plymouth Police Department, Justin Daniels, and John Primising.

24.     That, upon information and belief, the foregoing unlawful acts on the part of the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, were committed while the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, were acting in the course and scope of their employment and/or agency with the Defendant, City of Plymouth; and that the foregoing unlawful acts on the part of the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, were the direct and proximate cause of the injuries

7

and damages sustained by the Plaintiff, Jack A. Roe, as set forth herein. Therefore, upon information and belief, the Defendant, City of Plymouth, is liable for the unlawful conduct of the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, under the theory of vicarious liability, including the doctrine of *Respondeat Superior*.

25.     That 42 U.S.C. § 1983 provides a civil cause of action for those who allege constitutional violations perpetrated by state and municipal actors, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Jack A. Roe, at the hands of the named Defendants.

26.     That as a result of the foregoing actions on the part of the named Defendants, the Plaintiff, Jack A. Roe, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he suffered damages to his personal property that prevented him from using his personal property for a period of time and may continue to prevent him from using it in the future; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Jack A. Roe, prays this Honorable Court:

1.      That the Plaintiff, Jack A. Roe, have and recover judgment against the Defendant, City of Plymouth, in an amount in excess of FIVE HUNDRED AND TWENTY THOUSAND DOLLARS  ($520,000.00) for personal injuries and violation of his Constitutional rights.

8

2.      That the costs of this action be taxed against the Defendants.

3.      For other and further relief as the Court may deem just and proper.

4.      For the dismissal of any and all subrogation or reimbursement claims.

5.      For any and all reasonable attorney's fees associated with this action.

## THIRD CAUSE OF ACTION

### 42 U.S.C. § 1983 – USE OF EXCESSIVE FORCE
### PLYMOUTH POLICE DEPARTMENT, JUSTIN DANIELS, AND JOHN PRIMISING

27.      As for the third cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, and incorporates the same by reference.

28.      That on or about March 2, 2020, at 3:04 p.m., the Plaintiff, Jack A. Roe, was present on the premises of his personal residence, located at 228 North Milwaukee Street, Plymouth, Wisconsin, Zip Code 53073.

29.      That at the same time and place, the Defendants, Justin Daniels and John Primising, while in the course and scope of their employment and/or agency with the Defendant, Plymouth Police Department, and acting under the color of law, forcibly arrested the Plaintiff, Jack A. Roe, without a warrant.

30.      That in the course of said arrest, the Defendants, Justin Daniels and John Primising, used an excessive and/or unreasonable amount of force against the Plaintiff, Jack A. Roe.

31.      That the excessive and/or unreasonable force subjected onto the Plaintiff, Jack A. Roe, by the Defendants, Justin Daniels and John Primising, was a violation of the Fourth and Fourteenth Amendments' protections from excessive and/or unreasonable searches and seizures, and the substantive due process right of bodily integrity, thereby depriving him of the protections

9

provided therein; and that as a resultant effect of this excessive force, the Plaintiff, John A. Roe, suffered severe injuries.

32. That at all times material hereto, the Defendants, Justin Daniels and John Primising, were acting under the color of law.

33. That the Defendant, Plymouth Police Department, is a named Defendant herein pursuant to the theory of vicarious liability, including the doctrine of *Respondeat Superior*, in that it is liable for the acts of its employees, servants, agents, representatives, and/or volunteers, herein the Defendants, Justin Daniels, and John Primising, while in the course and scope of their employment and/or agency and while acting under the color of law.

34. That, upon information and belief, the foregoing unlawful acts on the part of the Defendants, Justin Daniels and John Primising, were committed while the Defendants, Justin Daniels and John Primising, were acting in the course and scope of their employment and/or agency with the Defendant, Plymouth Police Department; and that the foregoing unlawful acts on the part of the Defendants, Justin Daniels and John Primising, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Jack A. Roe, as set forth herein. Therefore, upon information and belief, the Defendant, Plymouth Police Department, is liable for the unlawful conduct of the Defendants, Justin Daniels and John Primising, under the theory of vicarious liability, including the doctrine of *Respondeat Superior*.

35. That 42 U.S.C. § 1983 provides a civil cause of action for those who allege constitutional violations perpetrated by state and municipal actors, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Jack A. Roe, at the hands of the named Defendants.

36.     That as a result of the foregoing actions on the part of the named Defendants, the Plaintiff, Jack A. Roe, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he suffered damages to his personal property that prevented him from using his personal property for a period of time and may continue to prevent him from using it in the future; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Jack A. Roe, prays this Honorable Court:

1.     That the Plaintiff, Jack A. Roe, have and recover judgment against the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, in an amount in excess of FIVE HUNDRED AND TWENTY THOUSAND DOLLARS ($520,000.00) for personal injuries and violation of his Constitutional rights.

2.     That the costs of this action be taxed against the Defendants.

3.     For other and further relief as the Court may deem just and proper.

4.     For the dismissal of any and all subrogation or reimbursement claims.

5.     For any and all reasonable attorney's fees associated with this action.

## FOURTH CAUSE OF ACTION:

### 42 U.S.C. § 1983 – USE OF EXCESSIVE FORCE CITY OF PLYMOUTH

37.     As for the fourth cause of action, the Plaintiff requested and realleges all of the allegations contained previously herein, and incorporates the same by reference.

11

38.     That on or about March 2, 2020, at 3:04 p.m., the Plaintiff, Jack A. Roe, was present on the premises of his personal residence, located at 228 North Milwaukee Street, Plymouth, Wisconsin, Zip Code 53073.

39.     That at the same time and place, the Defendants, Justin Daniels and John Primising, while in the course and scope of their employment and/or agency with the Defendant, Plymouth Police Department, and acting under the color of law, forcibly arrested the Plaintiff, Jack A. Roe.

40.     That in the course of said arrest, the Defendants, Justin Daniels and John Primising, intentionally used an excessive and/or unreasonable amount of force against the Plaintiff, Jack A. Roe.

41.     That the excessive and/or unreasonable force subjected onto the Plaintiff, Jack A. Roe, by the Defendants, Justin Daniels and John Primising, was a violation of the Fourth and Fourteenth Amendments' protections from unreasonable searches and seizures, and the substantive due process right of bodily integrity, thereby depriving him of the protections provided therein; and that as a resultant effect of this excessive and/or unreasonable force, the Plaintiff, Jack A. Roe, suffered severe injuries.

42.     That the Defendant, City of Plymouth, has and/or had a custom, policy, pattern, and/or practice of intentionally subjecting arrestees to excessive and/or unreasonable amounts of force that is and/or was persistent and widespread; that this custom, policy, pattern, and/or practice is and/or was so commonplace to where it was and/or the Defendant, City of Plymouth's, operating procedure; that policy-making officials within the City of Plymouth know and/or knew about these operating procedures and allow and/or allowed them to continue; and that these operating procedures directly led to the violation of the Plaintiff, Jack A. Roe's, rights as provided within the Fourth and Fourteenth Amendments to the United States Constitution.

12

43.     That the Defendant, City of Plymouth, was at all times responsible for the acts and omissions of its employees, servants, agents, representatives, and/or volunteers under the theory of vicarious liability, including the doctrine of *Respondeat Superior*, including herein the Defendants, Plymouth Police Department, Justin Daniels, and John Primising; and that the Defendant, City of Plymouth, is also liable under the theory of corporate and/or successor liability, including but not limited to the Defendants, Plymouth Police Department, Justin Daniels, and John Primising.

44.     That, upon information and belief, the foregoing unlawful acts on the part of the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, were committed while the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, were acting in the course and scope of their employment and/or agency with the Defendant, City of Plymouth; and that the foregoing unlawful acts on the part of the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Jack A. Roe, as set forth herein. Therefore, upon information and belief, the Defendant, City of Plymouth, is liable for the unlawful conduct of the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, under the theory of vicarious liability, including the doctrine of *Respondeat Superior*.

45.     That 42 U.S.C. § 1983 provides a civil cause of action for those who allege constitutional violations perpetrated by state and municipal actors, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Jack A. Roe, at the hands of the named Defendants.

46.     That as a result of the foregoing actions on the part of the named Defendants, the Plaintiff, Jack A. Roe, sustained injuries to his body and suffered emotional distress; that he has

suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he suffered damages to his personal property that prevented him from using his personal property for a period of time and may continue to prevent him from using it in the future; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Jack A. Roe, prays this Honorable Court:

1. That the Plaintiff, Jack A. Roe, have and recover judgment against the Defendant, City of Plymouth, in an amount in excess of FIVE HUNDRED AND TWENTY THOUSAND DOLLARS ($520,000.00) for personal injuries and violation of his Constitutional rights.

2. That the costs of this action be taxed against the Defendants.

3. For other and further relief as the Court may deem just and proper.

4. For the dismissal of any and all subrogation or reimbursement claims.

5. For any and all reasonable attorney's fees associated with this action.

<u>**FIFTH CAUSE OF ACTION:**</u>

<u>**NEGLIGENCE**</u>
<u>**PLYMOUTH POLICE DEPARTMENT, JUSTIN DANIELS,**</u>
<u>**AND JOHN PRIMISING**</u>

47. As for a fifth cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, and incorporates the same by reference.

14

48.     That on or about March 2, 2020, at 3:04 p.m., the Plaintiff, Jack A. Roe, was present on the premises of his personal residence, located at 228 North Milwaukee Street, Plymouth, Wisconsin, Zip Code 53073.

49.     That at the same time and place, the Defendants, Justin Daniels and John Primising, while in the course and scope of their employment with the Defendant, Plymouth Police Department, and acting under the color of law, forcibly arrested the Plaintiff, Jack A. Roe, without a warrant.

50.     That in the course of the abovementioned acts, the Defendants, Justin Daniels and John Primising, acted in a negligent manner by acting contrary to how reasonable police officers would act in the given circumstances, thereby causing the injuries sustained by the Plaintiff, Jack A. Roe, as hereinafter described.

51.     That the foregoing acts of negligence on the part of Defendants, Justin Daniels and John Primising, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Jack A. Roe.

52.     That the Defendant, Plymouth Police Department, is a named Defendant herein pursuant to the theory of vicarious liability, including the doctrine of *Respondeat Superior*, in that it is liable for the acts of its employees, servants, agents, representatives, and/or volunteers, herein, the Defendants, Justin Daniels and John Primising, while in the course and scope of their employment and/or agency.

53.     That, upon information and belief, the foregoing negligent acts on the part of the Defendants, Justin Daniels and John Primising, were committed while the Defendants, Justin Daniels and John Primising, were acting in the course and scope of their employment and/or agency with the Defendant, Plymouth Police Department; and that the foregoing negligent acts on

15

the part of the Defendants, Justin Daniels and John Primising, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Jack A. Roe, as set forth herein. Therefore, upon information and belief, the Defendant, Plymouth Police Department, is liable for the negligent conduct of the Defendants, Justin Daniels and John Primising, under the theory of vicarious liability, including the doctrine of *Respondeat Superior*.

54. That at all times material hereto, the Defendants, Justin Daniels and John Primising, were acting under the color of law.

55. That 28 U.S.C. § 1367 allows for supplemental jurisdiction over all other claims related the claim granting original jurisdiction, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Jack A. Roe, at the hands of the named Defendants' negligence.

56. That as a result of the foregoing negligent acts on the part of the named Defendants, the Plaintiff, Jack A. Roe, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he suffered damages to his personal property that prevented him from using his personal property for a period of time and may continue to prevent him from using it in the future; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Jack A. Roe, prays this Honorable Court:

1. That the Plaintiff, Jack A. Roe, have and recover judgment against the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, in an amount in

excess of FIVE HUNDRED AND TWENTY THOUSAND DOLLARS ($520,000.00) for personal injuries and violation of his Constitutional rights.

2.      That the costs of this action be taxed against the Defendants.

3.      For other and further relief as the Court may deem just and proper.

4.      For the dismissal of any and all subrogation or reimbursement claims.

5.      For any and all reasonable attorney's fees associated with this action.

## SIXTH CAUSE OF ACTION:

### NEGLIGENCE
### CITY OF PLYMOUTH

57.      As for an sixth cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, and incorporates the same by reference.

58.      That on or about March 2, 2020, at 3:04 p.m., the Plaintiff, Jack A. Roe, was present on the premises of his personal residence, located at 228 North Milwaukee Street, Plymouth, Wisconsin, Zip Code 53073.

59.      That at the same time and place, the Defendants, Justin Daniels and John Primising, while in the course and scope of their employment and/or agency with the Defendant, Plymouth Police Department, and acting under the color of state law, forcibly arrested the Plaintiff, Jack A. Roe, without a warrant.

60.      That in the course of the abovementioned acts, the Defendants, Justin Daniels and John Primising, acted in a negligent manner by acting contrary to how reasonable police officers would act in the given circumstances, thereby causing the injuries sustained by the Plaintiff, Jack A. Roe, as hereinafter described.

17

61.     That the foregoing acts of negligence on the part of the Defendants, Justin Daniels and John Primising, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Jack A. Roe.

62.     That the Defendant, City of Plymouth, has and/or had a custom, policy, pattern, and/or practice of Police Officers acting in a negligent manner that is and/or was persistent and widespread; that this custom, policy, pattern, and/or practice is and/or was so commonplace to where it was and/or the Defendant, City of Plymouth's, operating procedure; that policy-making officials within the City of Plymouth know and/or knew about these operating procedures and allow and/or allowed them to continue; and that these operating procedures directly led to the injuries sustained by the Plaintiff, Jack A. Roe.

63.     That the Defendant, City of Plymouth, is a named Defendant herein pursuant to the theory of vicarious liability, including the doctrine of *Respondeat Superior*, in that it is liable for the acts of its employees, servants, agents, representatives, and/or volunteers, herein, the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, while in the scope of their employment or agency; and that the Defendant, City of Plymouth, is also liable under the theory of corporate and/or successor liability for the malicious and/or conscious indifference and/or intentional disregard of the Plaintiff, Jack A. Roe's, rights by the Defendants, Plymouth Police Department, Justin Daniels, and John Primising.

64.     That, upon information and belief, the foregoing negligent acts on the part of the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, were committed while the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, were acting in the course and scope of their employment and/or agency with the Defendant, City of Plymouth; and that the foregoing negligent acts on the part of the Defendants, Plymouth Police

18

Department, Justin Daniels, and John Primising, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Jack A. Roe, as set forth herein. Therefore, upon information and belief, the Defendant, City of Plymouth, is liable for the negligent conduct of the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, under the theory of vicarious liability, including the doctrine of *Respondeat Superior*.

65.     That 28 U.S.C. §1367 allows for supplemental jurisdiction over all other claims related to the claim granting original jurisdiction, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Jack A. Roe, at the hands of the named Defendants' negligence.

66.     That as a result of the foregoing negligent acts on the part of the named Defendants, the Plaintiff, Jack A. Roe, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he suffered damages to his personal property that prevented him from using his personal property for a period of time and may continue to prevent him from using it in the future; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Jack A. Roe, prays this Honorable Court:

1.     That the Plaintiff, Jack A. Roe, have and recover judgment against the Defendant, City of Plymouth, in an amount in excess of FIVE HUNDRED AND TWENTY THOUSAND DOLLARS ($520,000.00) for personal injuries and violation of his Constitutional rights.

19

2.      That the costs of this action be taxed against the Defendants.

3.      For other and further relief as the Court may deem just and proper.

4.      For the dismissal of any and all subrogation or reimbursement claims.

5.      For any and all reasonable attorney's fees associated with this action.

## SEVENTH CAUSE OF ACTION:

### BATTERY
### PLYMOUTH POLICE DEPARTMENT, JUSTIN DANIELS, AND JOHN PRIMISING

67.      As for a seventh cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, and incorporates the same by reference.

68.      That on or about March 2, 2020, at 3:04 p.m., the Plaintiff, Jack A. Roe, was present on the premises of his personal residence, located at 228 North Milwaukee Street, Plymouth, Wisconsin, Zip Code 53073.

69.      That at the same time and place, the Defendants, Justin Daniels and John Primising, while in the course and scope of their employment and/or agency with the Defendant, Plymouth Police Department, and acting under the color of law, forcibly arrested the Plaintiff, Jack A. Roe, without a warrant; and that in the course of these actions, the Defendants, Justin Daniels and John Primising, inflicted bodily harm, substantial bodily harm, and/or great bodily harm upon the Plaintiff, Jack A. Roe, and intended to inflict said bodily harm, substantial bodily harm, and/or great bodily harm onto him, thereby causing the injuries sustained by the Plaintiff, as hereinafter described.

70.      That at all times material hereto, the Plaintiff, Jack A. Roe, did not consent to the harm inflicted by the Defendants, Justin Daniels and Primising.

20

71.     That at all times material hereto, the Defendants, Justin Daniels and John Primising, were acting under the color of law.

72.     That the foregoing acts on the part of the Defendants, Justin Daniels and John Primising, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Jack A. Roe.

73.     That the Defendant, Plymouth Police Department, is a named Defendant herein pursuant to the theory of vicarious liability, including the doctrine of *Respondeat Superior*, in that it is liable for the acts of its employees, servants, agents, representatives, and/or volunteers, herein, the Defendants, Justin Daniels and John Primising, while in the course and scope of their employment and/or agency.

74.     That, upon information and belief, the foregoing intentional acts on the part of the Defendants, Justin Daniels and John Primising, were committed while the Defendants, Justin Daniels and John Primising, were acting in the course and scope of their employment and/or agency with the Defendant, Plymouth Police Department; and that the foregoing intentional acts on the part of the Defendants, Justin Daniels and John Primising, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Jack A. Roe, as set forth herein. Therefore, upon information and belief, the Defendant, Plymouth Police Department, is liable for intentional conduct of the Defendants, Justin Daniels and John Primising, under the theory of vicarious liability, including the doctrine of *Respondeat Superior*.

75.     That 28 U.S.C. § 1367 allows for supplemental jurisdiction over all other claims related to the claim granting original jurisdiction, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Jack A. Roe, at the hands of the named Defendants' battery.

21

76.     That as a result of the foregoing intentional acts on the part of the named Defendants, the Plaintiff, Jack A. Roe, sustained injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he suffered damages to his personal property that prevented him from using his personal property for a period of time and may continue to be so restricted; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Jack A. Roe, prays this Honorable Court:

1.      That the Plaintiff, Jack A. Roe, have and recover judgment against the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, in an amount in excess of FIVE HUNDRED AND TWENTY THOUSAND DOLLARS ($520,000.00) for personal injuries and violation of his Constitutional rights.

2.      That the costs of this action be taxed against the Defendants.

3.      For other and further relief as the Court may deem just and proper.

4.      For the dismissal of any and all subrogation or reimbursement claims.

5.      For any and all reasonable attorney's fees associated with this action.

### EIGHTH CAUSE OF ACTION:

### BATTERY
### CITY OF PLYMOUTH

77.     As for the eighth cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, and incorporates the same by reference.

78.     That on or about March 2, 2020, at 3:04 p.m., the Plaintiff, Jack A. Roe, was present on the premises of his personal residence, located at 228 North Milwaukee Street, Plymouth, Wisconsin, Zip Code 53073.

79.     That at the same time and place, the Defendants, Justin Daniels and John Primising, while in the course and scope of their employment and/or agency with the Defendant, Plymouth Police Department, and acting under the color of law, forcibly arrested the Plaintiff, Jack A. Roe, without a warrant; and that in the course of these actions, the Defendants, Justin Daniels and John Primising, inflicted bodily harm, substantial bodily harm, and/or great bodily harm upon the Plaintiff, Jack A. Roe, and intended to inflict said bodily harm, substantial bodily harm, and/or great bodily harm onto him, thereby causing the injuries sustained by the Plaintiff as hereinafter described.

80.     That at all times material hereto, the Plaintiff, Jack A. Roe, did not consent to the harm inflicted by the named Defendants.

81.     That the Defendant, City of Plymouth, has and/or had a custom, policy, pattern and/or practice of intentionally subjecting arrestees to bodily harm, substantial bodily harm, and/or great bodily harm that is and/or was persistent and widespread; that this custom is and/or was so commonplace to where it was the Defendant, City of Plymouth's, operating procedure; and that policy-making officials within the City of Plymouth know and/or knew about these operating procedures directly led to the injuries sustained by the Plaintiff, Jack A. Roe.

82.     That the foregoing intentional acts on the part of the Defendants, Justin Daniels and John Primising, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Jack A. Roe.

23

83. That the Defendant, City of Plymouth, is a named Defendant, herein pursuant to the theory of vicarious liability, including the doctrine of *Respondeat Superior*, in that it is liable for the acts of its employees, servants, agents, representatives, and/or volunteers, herein, the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, while in the course and scope of their employment or agency; and that the Defendant, City of Plymouth, is also liable under the theory of corporate and/or successor liability for the malicious and/or conscious indifference and/or intentional disregard, Jack A. Roe's, rights by the Defendants, Plymouth Police Department, Justin Daniels, and John Primising.

84. That, upon information and belief, the foregoing intentional acts on the part of the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, were committed while the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, were acting in the course and scope of their employment and/or agency with the Defendant, City of Plymouth; and that the foregoing intentional acts on the part of the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, were the direct and proximate cause of the injuries and damages sustained by the Plaintiff, Jack A. Roe, as set forth herein. Therefore, upon information and belief, the Defendant, City of Plymouth, is liable for the intentional conduct of the Defendants, Plymouth Police Department, Justin Daniels, and John Primising, under the theory of vicarious liability, including the doctrine of *Respondeat Superior*.

85. That 28 U.S.C. § 1367 allows for supplemental jurisdiction over all other claims related to the claim granting original jurisdiction, and as such, provides appropriate redress for the harm suffered by the Plaintiff, Jack A. Roe, at the hands of the named Defendants' battery.

86. That as a result of the foregoing intentional acts on the part of the named Defendants, the Plaintiff, Jack A. Roe, sustained injuries to his body and suffered emotional

24

distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he suffered damages to his personal property that prevented him from using it for a period of time and may continue to be so restricted; that he was unable to maintain his employment for period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Jack A. Roe, prays this Honorable Court:

1. That the Plaintiff, Jack A. Roe, have and recover judgment against the Defendant, City of Plymouth, in an amount in excess of FIVE HUNDRED AND TWENTY THOUSAND DOLLARS ($520,000.00) for personal injuries and violation of his Constitutional rights.

2. That the costs of this action be taxed against the Defendants.

3. For other and further relief as the Court may deem just and proper.

4. For the dismissal of any and all subrogation or reimbursement claims.

5. For any and all reasonable attorney's fees associated with this action.

<div align="center">

**NINTH CAUSE OF ACTION:**

**PUNITIVE DAMAGES**
**CITY OF PLYMOUTH, PLYMOUTH POLICE DEPARTMENT,**
**JUSTIN DANIELS, AND JOHN PRIMISING**

</div>

87. As for a ninth cause of action, the Plaintiff repeats and realleges all of the allegations contained previously herein, and incorporates the same by reference.

88. That the conduct of the Defendants, City of Plymouth, Plymouth Police Department, Justin Daniels, and John Primising, was malicious and/or in conscious indifference

and/or in intentional disregard of the rights of the Plaintiff, Jack A. Roe, and performed willfully, wantonly and with disregard and/or conscious indifference of the Plaintiff's rights.

89. That the Defendant, City of Plymouth, was at all times responsible for the acts and omissions of its employees, servants, agents, representatives, and/or volunteers under the theory of vicarious liability, including the doctrine of *Respondeat Superior*, including herein, the Defendants, Plymouth Police Department, Justin Daniels, and John Primising; and that the Defendant, City of Plymouth, is also liable under the theory of corporate and/or successor liability for the malicious and/or conscious indifference and/or intentional disregard of the Plaintiff, Jack A. Roe's, rights by the Defendants, Plymouth Police Department, Justin Daniels, and John Primising.

90. That as a result of the intentional and negligent acts on the part of the named Defendants, the Plaintiff, Jack A. Roe, sustained severe injuries to his body and suffered emotional distress; that he has suffered pain and may continue to suffer pain for an indefinite time in the future; that he was required to seek medical attention; that he may be required to seek additional and continued medical attention in the future and to expend large sums of money for said medical attention; that he suffered damages to his personal property that prevented him from using it for a period of time and may continue to be so restricted; that he was unable to maintain his employment for a period of time and may continue to be so restricted; and that he was unable to engage in his normal activities for a period of time, and may continue to be so restricted, all to his damage.

**WHEREFORE**, the Plaintiff, Jack A. Roe, prays this Honorable Court:

1. That the Plaintiff, Jack A. Roe, have and recover judgment against the Defendants, City of Plymouth, Plymouth Police Department, Justin Daniels, and John Primising, in an amount in excess of FIVE HUNDRED AND TWENTY

26

THOUSAND DOLLARS ($520,000.00) for personal injuries and violation of his

Constitutional rights.

2.      That the costs of this action be taxed against the Defendants.

3.      For other and further relief as the Court may deem just and proper.

4.      For the dismissal of any and all subrogation or reimbursement claims.

5.      For any and all reasonable attorney's fees associated with this action.

6.      For punitive damages, recoverable pursuant to Wis. Stat. § 895.043, as the actions

        of the Defendants were performed maliciously and/or recklessly and/or knowingly

        and/or intentionally, and with callous disregard for the protected rights of the

        Plaintiff.

<div align="center"><strong>JURY DEMAND</strong></div>

**PLEASE TAKE NOTICE** that the Plaintiff hereby requests a trial by a jury of 12.

**DATED** at Milwaukee, Wisconsin, this _____ day of _____, 2021.

<div style="margin-left:40%">

HUPY AND ABRAHAM, S.C.
Attorneys for the Plaintiff,


By: _____
      Todd R. Korb
      State Bar Number: 1026950

</div>

Post Office Address:
111 East Kilbourn Avenue
Suite 1100
Milwaukee, Wisconsin 53202
(414) 223-4800

<div align="center">27</div>